UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ZAHARIUDAKIS,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL MOTORS, LLC,<br><br>    Defendant. | Case No. 20-cv-08106-JSW<br><br>**ORDER GRANTING STIPULATION TO TRANSFER CASE**<br><br>Re: Dkt. No. 16 |

Plaintiff George Zahariudakis ("Plaintiff") filed this putative class action against Defendant General Motors, LLC ("Defendant") on November 17, 2020. (Dkt. No. 1.) On February 10, 2021, the parties filed a stipulation to transfer this case to the Eastern District of Michigan pursuant to 28 U.S.C. section 1404(a) ("Section 1404(a)"). (Dkt. No. 16.)

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A court undertakes an "individualized, case-by-case consideration of convenience and fairness" when considering such a request. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000) (internal quotations and citations omitted). Three elements must be established: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F. Supp. 503, 506 (C.D. Cal. 1992). "[T]he court must evaluate the appropriate factors even though the parties now stipulate to the transfer." *Tung Tai Grp. v. Fla. Transformer, Inc.*, No. 5:11-CV-02389 EJD, 2011

WL 3471400, at *2 (N.D. Cal. Aug. 8, 2011) (citing *White v. ABCO Eng'g Corp.,* 199 F.3d 140, 144 (3d Cir.1999)); *see also Sandoval v. Redfin Corp.*, No. 14-4444 SC, 2015 WL 65085, at *1 (N.D. Cal. Jan. 5, 2015).

Here, Defendant's principal place of business is located within the Eastern District of Michigan, and the parties do not dispute that personal jurisdiction over Defendant exists and venue is proper in that district. The Eastern District of Michigan would have subject matter jurisdiction over the claims in the complaint pursuant to 28 U.S.C. sections 1332(d)(2) and (6). Transfer will also serve the convenience of the parties and the witnesses. The allegations in the complaint involve an alleged manufacturing defect in the battery system of Defendant's vehicles, and the key witnesses and evidence relevant to those claims are located at Defendant's principal place of business in the Eastern District of Michigan. Additionally, transfer would serve the interests of justice and promote efficiency as there are two related actions already pending in the Eastern District of Michigan.

Accordingly, the Court finds that transfer to the Eastern District of Michigan will serve the convenience of the parties and witnesses and will promote the interests of justice because the relevant witnesses and evidence are located in that district, related actions are pending in that district, and the parties have stipulated to the transfer. *See Faze Apparel, LLC v. Faze Clan, Inc.*, No. 18-CV-00625-LHK, 2018 WL 10509373, at *2 (N.D. Cal. Mar. 8, 2018). The parties' stipulation to transfer the case to the Eastern District of Michigan is GRANTED. The Clerk is directed to transfer this case and to close this Court's file upon transfer.

**IT IS SO ORDERED.**

Dated: February 11, 2021

_____
JEFFREY S. WHITE
United States District Judge